KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald J. Harris, | ) | No. CV 06-755-PHX-DGC (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Defendants. | ) | |

Plaintiff Ronald J. Harris, confined in the Arizona State Prison Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will order Defendants Schriro, Bartos, Johnson, Linderman, Suwinski, and Morrison to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

Plaintiff has also filed a Motion for Preliminary Injunction (Doc. #12). The Court will order Defendants to respond to the Motion for Preliminary Injunction.

**I. Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff filed an Application to Proceed *In Forma Pauperis* with the Complaint. The Court denied the Application with leave to re-file because Plaintiff did not file a certified six-month account statement with the Application.

On May 22, 2006, Plaintiff filed a new Application that the Court also denied because the six-month account statement was not certified. Plaintiff then filed a motion for extension

**TERMPSREF**

of time to file a third Application, which the Court granted. Plaintiff has now filed another Motion for Extension of Time and for Sanctions (Doc. #12) against the Arizona Department of Corrections ("ADOC") for failure to provide the account statement. Plaintiff states that he has made repeated requests for an account statement, but to no avail. In the interest of the moving this case forward, the Court will grant Plaintiff *in forma pauperis* status based on his earlier, uncertified application and will deny the Motion for Extension of Time and for Sanctions as moot.

Plaintiff must pay the statutory filing fee of $250.00. The Court will assess an initial partial filing fee of $6.28. 28 U.S.C.§ 1915 (b)(1)(A). The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III. Complaint**

The following are named as Defendants in the Complaint: (1) Dora B. Schriro, Director, ADOC; (2) Ivan Bartos, Warden, Arizona State Prison Complex ("ASPC") –

Lewis; (3) Terry Johnson, Deputy Warden, ASPC-Lewis; (4) Chaplain Kingsland, ASPC-Lewis; (5) Marve L. Morrison, Dietician, ASPC-Lewis; (6) C.O. II David Mitchell, ASPC-Lewis; (7) C.O. III Hernandez, ASPC-Lewis; (8) Mike Linderman, Director Pastoral Services, ADOC; (9) Canteen Correctional Services, Inc.; and (10) Valerie Suwinski, CMS II, ASPC-Lewis.

Plaintiff alleges two grounds for relief in the Complaint: (1) Plaintiff, who is Jewish, has been denied regular, Kosher meals, in violation of the First Amendment; and (2) Plaintiff is denied religious services in violation of the First Amendment. Plaintiff seeks injunctive relief and money damages.

Plaintiff has adequately stated a claim in Count I, and the Court will require Defendants Schriro, Bartos, Johnson, Linderman, Suwinski, and Morrison to answer this claim.

**IV. Failure to State a Claim**

    **A. Defendants**

        **1. Canteen Correctional Services**

Where a state has a constitutional obligation to provide a service to those in its custody and does so by contracting that obligation to a private party, that party acts under color of state law for purposes of § 1983 when undertaking its duties to provide that service. West v. Atkins, 487 U.S. 42, 54 (1988) (private physician who contracted with state to provide health care service to state prison inmate acted under color of state law when providing medical treatment). Providing food service, like medical care, is part of the state's constitutional obligation to those inmates in its custody. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (holding that Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement, including duty to "ensure that inmates receive adequate food").

To state a § 1983 claim, however, a plaintiff must allege an affirmative link between the alleged injury and the conduct of the individually named defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Moreover, there is no liability under 42 U.S.C. § 1983 based

on a theory of *respondeat superior*, meaning that a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978); West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). Where a defendant is a corporation, a plaintiff must allege that the constitutional deprivations at issue resulted from a policy, custom, or practice of the private corporation. See Robinson v. City of San Bernadino Police Department, 992 F.Supp. 1198, 1204 (C.D.Cal. 1998).

In this case, Plaintiff does not allege that Defendant Canteen Correctional Services had a policy of failing to provide Kosher meals for inmates who requested them, but rather that individual employees of Canteen Correctional Services failed to provide such items or find reasonable Kosher substitutes for Plaintiff. Because Canteen Correctional Services cannot be liable on a theory of *respondeat superior*, it must be dismissed from this action.

**B.  Count II**

In Count II, Plaintiff alleges that he is not provided with religious services in violation of the First Amendment. Plaintiff cites Cutter v. Wilkison, 544 U.S. 709 (2005), a case applying the Religious Land Use and Institutionalized Persons Act ("RLUIPA") for support of his claims.

In order to state a First Amendment free exercise claim, a prisoner "must show the defendants burdened the practice of his religion. . . by preventing [the prisoner] from engaging in conduct mandated by his faith." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). Not "every religious sect or group within a prison – however few in number – must have identical facilities or personnel . . . nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." Allen v. Toombs, 827 F.2d 563, 568 (9th Cir. 1987); see also Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993) (prison was under no obligation to provide Orthodox Rabbi where the inmate was the only Orthodox Jewish prisoner in the institution and the inmate was not restricted from personally contacting a Rabbi to arrange visitation). Because Plaintiff has not alleged facts showing that his

religious practices have been burdened and that providing of services would be a reasonable requirement given conditions in the institution, he has failed to state a First Amendment claim.

Even if the Court construes Plaintiff's claims as brought pursuant RLUIPA, as suggested by Plaintiff's cite to Cutter, Plaintiff's allegations in Count II fail to state a claim. Under RLUIPA, "[n]o [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government shows that the burden furthers "a compelling governmental interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2).

Plaintiff has not alleged facts showing that the practice of his religion has been substantially burdened. Plaintiff has claimed only that Defendants have failed to arrange for a Rabbi to provide religious services to Plaintiff. Plaintiff attaches to his Complaint the replies to multiple grievances in which ADOC chaplains have advised Plaintiff they have not been able to find a Rabbi to volunteer to conduct Jewish services at Plaintiff's unit. Plaintiff has not alleged that he is denied access to a Rabbi or that the ADOC has prohibited a Rabbi from visiting Plaintiff; he has only demonstrated that a volunteer Rabbi is not available. As discussed above, ADOC is not obligated to provide a minister or spiritual leader for every faith without regard to demand. Count II therefore fails to state a claim and will be dismissed.

**V. Motion for Preliminary Injunction**

Plaintiff filed a Motion for Preliminary Injunction (Doc. #11) on July 20, 2006 in which he requests that the Court order Defendants to provide him with a Kosher diet. The Court will require Defendants to file a Response to Plaintiff's Motion within 30 days of service of the Complaint.

**VI. Motion for Meaningful Access**

On September 6, 2006, Plaintiff filed a Motion for Meaningful Access (Doc. #14) in which he alleges that he has not been provided timely legal copies or access to legal mail. Access to legal materials and mail is not at issue in this case and the Court will not address

these allegations in the context of a motion. The Court will deny Plaintiff's Motion for Meaningful Access.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**D. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff is granted *in forma pauperis* status.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $6.28.

(3) Count II and Defendants Kingsland, Mitchell, Canteen Correctional Services, Inc., and Hernanez are **dismissed** without prejudice.

(4) Defendants Schriro, Bartos, Johnson, Linderman, Suwinski, and Morrison must answer Count I.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc.#1), this Order, and both summons and request for waiver forms for Defendants Schriro, Bartos, Johnson, Linderman, Suwinski, and Morrison.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants Schriro, Bartos, Johnson, Linderman, Suwinski, and Morrison of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants Schriro, Bartos, Johnson, Linderman, Suwinski, and Morrison must answer Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) Within 30 days from the date of service, Defendants **must file** a response to Plaintiff's July 20, 2006 (Doc. #11) Motion for Preliminary Injunction.

(14) Plaintiff's August 21, 2006 Motion for Extension of Time and For Sanctions (Doc. #12) is **denied as moot**.

(15) Plaintiff's September 6, 2006 Motion for Meaningful Access (Doc. #14) is **denied**.

(16) This matter is referred to Magistrate Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 4th day of October, 2006.

*David G. Campbell*
———————————————
David G. Campbell
United States District Judge

TERMPSREF

- 8 -