BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald J. Harris,<br>        Plaintiff,<br>vs.<br>Dora Schriro, et al.,<br>        Defendant. | No. CV 06-0755-PHX-DGC (ECV)<br><br>**ORDER** |

Plaintiff Ronald J. Harris seeks reconsideration of the Court's Order denying his request for injunctive relief (Doc. #70). Plaintiff also requested sanctions and an order requiring "strict compliance with Court mandated diet" (Id.). Plaintiff's requests will be denied.

**I. Factual Background**

Plaintiff filed a 42 U.S.C. § 1983 action against the Director of the Arizona Department of Corrections (ADC) Dora B. Schriro, Warden Ivan Bartos, Assistant Warden Terry Johnson, Dietician Marvel L. Morrison, Director of Pastoral Services Mike Linderman, and Valerie Suwinski (Doc. #1). Plaintiff alleged that his constitutional rights were violated by the denial of his right to exercise his religion because he was not provided proper kosher meals (Count I) (Id.). Plaintiff sought an order requiring Defendants to provided him a kosher diet and a Passover kosher diet (Docs. #11, 32, 49, 57)

The Court found that the evidence demonstrated that Plaintiff was receiving a kosher diet an a daily basis and would receive a Passover kosher diet (Doc. #65). In particular, Plaintiff's diet had been reviewed and approved of by a Rabbi, and to the extent that

Defendants did not prepare his food in a separate kitchen, Defendants' actions served a legitimate penological interest (id.). The Court then found that allowing Plaintiff to purchase food from an outside vendor when he is already receiving a kosher diet would be a security risk (Id.). The Court thus denied Plaintiff's request for injunctive relief (Id.).

Plaintiff now seeks reconsideration of that order, and an order of contempt for Linderman, Schriro, Morrison, and several non-defendants, including the Rabbi who reviewed and approved of the ADC kosher diet, for failing to provide him with a "Court mandated" kosher diet (Doc. #70). Plaintiff also seeks an order requiring compliance with the "Court mandated" kosher diet (Id.). Plaintiff argues in his motion that he is not being served kosher food because either the food was not kosher or was not properly prepared and therefore ceased being kosher (Id.). Plaintiff further argues that he is not getting sufficient calories because of the careless weighing of the kosher items or the substitution of kosher items which have fewer calories (Id.). Plaintiff also notes that ADC receives serveral kosher items from Aleph, thereby contradicting their assertion that allowing him to order directly from Aleph is a security risk (Id.). Attached to the motion are a guide to Kosher Dietary Laws produced by The Aleph Institute and copies of food packages which Plaintiff argues should be considered as new evidence and which would have been presented if the Court had allowed a hearing to be conducted on his motion for injunctive relief (Id.). Plaintiff maintains that Defendants lied (Id.).

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)).

1    Plaintiff is not entitled to reconsideration.  Plaintiff is merely rearguing his original
2 arguments, and contending that Defendants lied.  Plaintiff has presented no evidence in
3 support of his allegation that Defendants lied, and the packaging he attaches to the motion
4 does not alter the Court's determination.  Defendants presented affidavit evidence that items
5 such as tea, coffee, sugar, sugar substitute, salt and pepper, and other condiments are served
6 in pre-packaged packets without the kosher designation because they are delivered in bulk
7 packaging bearing such designation (Doc. #59).  Plaintiff's evidence that such items do not
8 individually contain the kosher designation does not demonstrate that the items are non-
9 kosher, but in fact is consistent with Defendants' evidence.  Plaintiff also complains about
10 substitutions in which he was provided kosher items containing less calories than originally
11 called for by the menu.  Plaintiff maintains the he cannot eat the vegetables because they are
12 not washed and thus unsanitary.  Plaintiff, however, presents no evidence as to the unsanitary
13 nature of the vegetables or any evidence regarding any weight loss or other adverse medical
14 reaction due to the alleged lower caloric diet.

15    Plaintiff also argues that him ordering food from Aleph would not be a security risk
16 as seen by the fact that ADC orders from Aleph (Doc. #70).  Plaintiff's argument is meritless.
17 The fact that ADC obtains food from a particular vendor without a risk to security does not
18 mean that Plaintiff's order does not raise security issues.  In  sum, Plaintiff has not
19 demonstrated that he is entitled to reconsideration.  His request will be denied.

20    Plaintiff also seeks sanctions against Defendants and various non-defendants for
21 failing to provide him with the "Court mandated" diet, and an order requiring strict
22 compliance with the "Court mandated" diet (Doc. #70).  There is no "Court mandated" diet.
23 The Court reviewed the evidence opposing Plaintiff's request for injunctive relief and
24 determined that the menu provided Plaintiff meets nutritional as well as religious
25 requirements.  The Court did not "mandate" the menu, nor did it find that a deviation,
26 presumably approved by a Rabbi, resulted in a violation of Plaintiff's constitutional rights.
27 Because the Court did not "mandate" the menu, it will not sanction individuals with regard
28

to deviations from the menu, nor will it order strict compliance with the menu. Plaintiff's requests will thus be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn with respect to Plaintiff's Motion for Reconsideration, for Contempt and Sanctions, and for a Court Order Requiring Strict Compliance with Court Mandated Diet (Doc. #70). All other matters in this action, including any future motion, remain with the Magistrate Judge for disposition as appropriate.

(2) Plaintiff's Motion for Reconsideration, for Contempt and Sanctions, and for a Court Order Requiring Strict Compliance with Court Mandated Diet (Doc. #70) is **denied**.

DATED this 24th day of April, 2007.

*Daniel G. Campbell*
_____
David G. Campbell
United States District Judge